ORIGINAL



FILED

06/18/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0314

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0314

MITCHELL B. GOLDSTEEN,

Petitioner,

v.

MONTANA THIRTEENTH JUDICIAL
DISTRICT COURT, YELLOWSTONE
COUNTY, HON. DONALD L. HARRIS,
PRESIDING,

Respondent.

ORDER

FILED

JUN 18 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Petitioner Mitchell B. Goldsteen seeks a writ of supervisory control to reverse the April 16, 2024 Findings of Fact Conclusions of Law and Order of the Thirteenth Judicial District Court in Yellowstone County Cause No. DV 21-01362, in which that court denied Goldsteen's motion to dismiss for lack of personal jurisdiction. The court concluded that specific jurisdiction existed over Goldsteen pursuant to M. R. Civ. P. 4(b)(1)(A) because he conducted business in Montana, both personally and through agents and employees. Goldsteen alleges that the court erred because he did not personally transact business in Montana, but acted only as the agent for an LLC that he managed.

Goldsteen, who resides in Maryland, is the sole member of Oroco FirstMark Group, LLC (Oroco), which is incorporated in Delaware. Oroco, along with 14 investors, formed another Delaware LLC—Firstmark Group, LLC (Group). Oroco is the sole manager of Group; the 14 other investors have no involvement in managing the business. Group has five wholly owned subsidiaries which are LLCs incorporated in Montana: Firstmark Equipment, LLC; FirstMark Materials, LLC; FirstMark Construction, LLC; FirstMark RETC, LLC; and FirstMark REJL, LLC.

On September 28, 2022, Tractor & Equipment Co. (T&E), a Montana Corporation, filed an Amended Complaint in which it alleged that it rented equipment and provided goods and services to FirstMark Equipment, LLC (Equipment), and that Equipment failed to pay its bills. T&E alleged that in March 2017, it agreed to issue credit to CMG MCE, LLC, formerly known as CMG Construction Inc., after receiving, reviewing, and approving an application seeking a line of credit for CMG MCE, LLC, that listed Goldsteen as owner. In 2018, T&E received notice that CMG MCE, LLC, was changing its name to FirstMark Equipment, LLC. In March 2019, T&E received an updated credit application, which stated that CMG MCE, LLC, now FirstMark Equipment, LLC, was owned by CMG AC, LLC, and Goldsteen was the sole member of CMG AC, LLC. T&E further alleged that it relied on these representations and rented equipment and provided goods and services to Equipment, for which it billed Equipment monthly. However, Equipment did not pay its bills and when a representative of T&E inquired, he was advised that Equipment did not have the funds to pay its bills because Goldsteen had taken Equipment's funds. Seeking to recover the debt, T&E named Goldsteen as one of the defendants, along with Oroco, Group, Equipment, and the four other Montana LLCs.

Goldsteen and Oroco moved to dismiss for lack of personal jurisdiction. After an evidentiary hearing, the District Court issued findings of fact, conclusions of law, and order determining that it had general jurisdiction over Oroco and specific jurisdiction over Goldsteen. Goldsteen then petitioned this Court, requesting supervisory control to overturn the District Court's ruling.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or, in a criminal case, the other court has granted or denied a motion to substitute a judge. M. R. App. P. 14(3). Supervisory control is appropriate when the district court is proceeding based on a mistake of law which, if uncorrected, would cause significant injustice for which an appeal is an inadequate remedy. *Truman v. Mont. Eleventh Jud. Dist.*

2

*Ct.*, 2003 MT 91, ¶ 13, 315 Mont. 165, 68 P.3d 654 (citing *Park v. Sixth Jud. Dist. Ct.*, 1998 MT 164, ¶ 13, 289 Mont. 367, 961 P.2d 1267). Whether it is appropriate for this Court to assume supervisory control is a "case-by-case decision that depends on the presence of extraordinary circumstances and a particular need to prevent an injustice from occurring." *Truman*, ¶ 13 (citing *Park*, ¶ 13).

In this instance, Goldsteen argues that supervisory control is appropriate because he should not be compelled to defend himself when an issue exists as to whether the District Court has jurisdiction over him. He argues he should not have to wait until final judgment to correct such error on appeal. He further asserts that the issue he presents is purely one of law that raises "important questions under the Montana Constitution."

The issue Goldsteen presents, however, is not purely one of law, as he disputes that he personally conducted business in Montana—a fact which underpins the conclusions the District Court made in ultimately determining that Goldsteen is subject to specific jurisdiction under M. R. Civ. P. 4(b)(1)(A). As Goldsteen articulates in his petition to this Court, he denies he had any personal appearances in Montana nor personal contact with the state but he did business only "in his official capacity on behalf of the owner of the FM Montana Subsidiaries."

The burden of persuasion is on the petitioner to convince this Court to issue a writ. *Westphal v. Mont. Eleventh Judicial Dist. Court*, No. OP 21-0387, 405 Mont. 438, 495 P.3d 421 (Aug. 17, 2021). Questions of fact are not susceptible to review on supervisory control. *Alford v. Mont. Fifteenth Jud. Dist. Ct.*, No. OP 22-0204, 409 Mont. 555, 512 P.3d 1173 (May 3, 2022) (supervisory control is proper only in the Court's discretion and upon affirmative showing that the lower court is proceeding under a manifest mistake of law involving purely legal questions not dependent on disputed material facts); *Barrus v. Mont. First Jud. Dist. Ct.*, 2020 MT 14, ¶¶ 17-20, Mont. 353, 456 P.3d 577 (supervisory control unavailable if matter does not involve purely legal questions). In this case, Goldsteen's petition would require us to make a factual determination as to the nature of Goldsteen's appearances in Montana, making it unsuitable for disposition via writ.

3

IT IS THEREFORE ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Thirteenth Judicial District Court, Yellowstone County, Cause No. DV 21-01362, and to the Honorable Donald L. Harris, presiding Judge.

DATED this 15 day of June, 2024.

Justices